Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00076-CR

                                                    __________

 

                                 JOSE
MANUEL MORA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR36309

 



 

                                            M
E M O R A N D U M   O P I N I O N

Jose
Manuel Mora appeals his conviction by a jury of the offense of assault-family
violence.  The trial court, finding an enhancement paragraph to be true,
assessed Mora’s punishment at six years in the Texas Department of Criminal
Justice, Institutional Division.   Mora contends in six points of error that
(1) the evidence is legally and factually insufficient to support his
conviction, (2) the jury’s province was invaded and the trial judge improperly
commented during his ruling, (3) the State improperly engaged in bolstering,
(4) State’s counsel improperly struck at him over the shoulders of his attorney,
(5) his due process rights were violated, and (6) the State’s closing remarks
were improper.  We affirm.

            Mora
contends in Point One that the evidence is legally and factually insufficient
to support his conviction.  We note at the outset of
our analysis that the Texas Court of Criminal Appeals has now held in Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010),
that there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that Mora did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review Mora’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

The
complaining witness, Maria Christina Lozoya Galindo, or Christina Lozoya for
short, testified that, in July 2009, she and Mora were drinking at a bar in
Midland when she went outside to her vehicle to get some money.  She related
that Mora hit her with the back of his hand.  She acknowledged that Mora told
her that she hit him, but she said she did not remember doing so.  She
indicated that, after he hit her, she was on the ground with her shoulder
hurting.  She related that Mora put her in a vehicle but that they drove around
for 30 to 40 minutes before going to the hospital emergency room, even though
she kept telling him to take her.  She said that Mora stayed at the hospital
only ten or fifteen minutes, leaving because he did not want her “to call the
cops.”  She indicated that she requested that a hospital staff person call the
police for her.  She noted that she broke her clavicle or collarbone.  When
asked who started the fight, she replied, “Well, he just didn’t want me to get
some more money from the car.”  She insisted that everything she testified to
was the truth.

During
cross-examination, Lozoya acknowledged signing an affidavit of non-prosecution
in which she stated, “I did not let the officer know the whole truth, we were
both under the influence of alcohol and I hit him first.  I really need his
financial support right now, he is a very hard worker and was paying all of my
bills and car payment.”  She said she did not know why she did not tell the
officers at the hospital the whole truth.  At one point in cross-examination,
Lozoya acknowledged that they were arguing over money, that she hit him, that he
“acted or reacted,” and that she was so drunk she fell.  On redirect
examination, she stated that Mora told her to sign the affidavit and that he
told her that she hit him.  She repeated her assertion that she did not
remember hitting him.  With respect to the affidavit of non-prosecution, she
said she was just writing down what she was told to write down.  She said that,
when Mora hit her, it busted her lip and caused her to fall down.  She insisted
that she loved Mora, that they were back together, and that she was not making
up things about him.  We hold that the evidence is sufficient to support the
conviction.  Mora refers to various conflicts in Lozoya’s testimony, as well as
other conflicts in the evidence, but these conflicts were matters for the jury
to resolve as the trier of fact.  We overrule Point One.

Mora
urges in Point Two that the jury’s province was invaded and that the trial
judge improperly commented during his ruling.  During the testimony of the
complaining witness, Lozoya, the following occurred:

[PROSECUTOR]:
 Now, do you love the Defendant?

 

ANSWER:
 Yes.

 

[PROSECUTOR]:
 Are you guys actually back together?

 

ANSWER:
 Yes.

 

[PROSECUTOR]:
 So you’re not up here making up things about him are you?

 

ANSWER:
 No. 

 

[DEFENSE
COUNSEL]:  Your onorHonor, objection.  This
is bootstrapping and adding to the credibility of the witness.  These things
have been asked and answered.  And trying to elicit from the witness, well,
you’re telling the truth aren’t you, really, really, really, that’s far afield
of acceptable direct examination.  

 

THE
COURT:  Response?

 

[PROSECUTOR]:
 Your Honor, if he’s going to make it seem like she’s making up stories, then I
think it’s fair for the jury to know if they’re back together or not. 

 

[DEFENSE
COUNSEL]:  Well, that part is, your honor, but asking her, well, you know, are
you telling the truth today and insinuating – you know, bootstrapping the
testimony is far beyond that.

 

THE
COURT: Well, I placed her under oath to tell truth [sic] and I am going
to assume that she is telling the truth, but I am going to sustain the
objection about the question.  

 

Mora
is correct in his argument that it was error for the trial court to comment
before the jury that he was assuming that the witness was telling the truth. 
However, there was no objection to the comment.  Consequently, nothing is
presented for review. Tex. R. App. P. 33.1(a). 
We overrule Point Two.

Mora
argues in Point Three that the State improperly engaged in bolstering. 
Traditionally, bolstering objections have addressed attempts to reinforce a
witness’s testimony by referring to matters that have not been placed before
the jury.  Mitchell v. State, 636 S.W.2d 543, 546 (Tex. App.—San Antonio
1982, no pet.).  During closing arguments, the prosecuting attorney argued: 

You
may think that she lied to the officers to get back at Mr. Mora for not giving
her money.  Why would she lie to the doctor, lie to the man that is giving her
critical treatment? Because it was the truth.  Because that’s what happened and
she needed help.  She needed help to stop the abuse from this man.  

 

She
needed medical treatment, so she told him, “I was pushed down by my
boyfriend.”  He said he did see a swollen lip.  She was injured.  She told the
truth to him, because that’s what happened.

 

Defense
counsel objected that the argument was a comment outside the four parameters of
acceptable closing argument and that the State was bolstering its own case by
suggesting that its witness was credible.  The trial court overruled the
objection.  The prosecuting attorney continued her argument: 

You
also heard Dr. Choi testify that his diagnosis was consistent with her
explanation of the events that night and consistent with abuse, because that’s
what happened. 

 

I’m
going to talk to you a little bit about what Mr. Frost went over.  Again, the
officers said they responded within minutes.  Was it four hours later?  She was
still so visibly upset that she was shuddering and crying and her face splotchy
and couldn’t get the words out.  She was still upset by what happened that
night.  

 

Two
weeks later, again, she gives the same story.  It’s not a story.  It’s the
truth.  It’s what happened.  

 

Defense
counsel again objected that the argument was outside the four parameters of
acceptable closing argument and that the State was vouching for the credibility
of its own witness and telling the jury information that was its sole province
to determine.  Again, the trial court overruled the objection.

In
general, there are four permissible areas of closing argument:  (1) summation
of the evidence, (2) reasonable deduction from the evidence, (3) answer to
argument of opposing counsel, and (4) plea for law enforcement.  Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  In his closing argument,
defense counsel stressed the main theme of the defense, attacking the
credibility of the complaining witness.  The prosecuting attorney’s argument
constituted an answer to opposing counsel’s argument that the complaining
witness was not telling the truth.  We also construe it as a reasonable
deduction from the evidence.  We do not construe it as an attempt by the
prosecutor to testify or to refer to facts that were not before the jury.

Mora
also refers us to two instances of the State’s argument to which he objected on
the basis of there being no evidence to support the argument.  One of those was
when the prosecuting attorney stated that the complaining witness was easily
manipulated, and the other was the argument that the complaining witness had
said that Mora told her to file the affidavit of non-prosecution.  With respect
to the argument that Mora told Lozoya to file the affidavit of non-prosecution,
we note that Lozoya did testify that Mora had told her to file it.  With
respect to Mora’s complaint about the State’s argument that Lozoya was easily
manipulated, we hold that that was a reasonable inference from the
testimony.    

 
We conclude that the trial court did not err by overruling counsel’s objections
to the State’s arguments.  We have examined the numerous authorities cited by
Mora and find none to be inconsistent with this opinion.  We overrule Point Three.

Mora
insists in Point Four that, in argument, the State’s attorney struck at him
over the shoulders of his attorney.  Prosecutors’ comments that attack defense
counsel are manifestly improper because they serve to inflame
the minds of the jury to the accused’s prejudice.  Cannady v. State, 11
S.W.3d 205, 212-13 (Tex. Crim. App. 2000).  In argument, the prosecuting
attorney raised several questions designed to strike down the defensive theory
that the complaining witness was not credible.  Then she stated, “I want you to
be careful of the smoke and mirrors of the defense case.”  We construe the
argument as being an attack on the defensive theory that the complaining
witness was not credible, rather than an attack on defense counsel.  It is
proper for a prosecutor to attack the defense’s argument rather than the
defense counsel.  See Magana v. State, 177 S.W.3d 670, 675 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).  We, therefore, conclude that the prosecuting
attorney was not striking at Mora over the shoulders of his counsel. 
Consequently, the trial court did not err by overruling Mora’s objection to the
argument.  Mora brings to us numerous cases in support of his contention.  We
have examined each of those authorities and find that none are in conflict with
this opinion.  We overrule Point Four.

Mora
suggests in Point Five that he was denied due process of law because he was
convicted upon lack of evidence.  Inasmuch as we have found the evidence
sufficient to support his conviction, we overrule Point Five.

Mora
contends in Point Six that the trial court erred by overruling his objections
to certain arguments of the prosecuting attorney.  In one argument, the
prosecuting attorney merely contended that there was not a reasonable doubt.  The
trial court overruled Mora’s objection that the State was vouching for its own
case, which was outside the acceptable parameters of closing arguments.  While
counsel for Mora referred to two courts of appeals, including this one, that
had so held, he has cited no such case in his brief, and we are not aware of
any.  Mora refers to two other instances of improper argument, but they are the
same ones we have previously addressed in our discussion of Point Three.  We
overrule Point Six.  

The
judgment is affirmed.

 

                                                                                                            PER
CURIAM

August 31, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.